IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

UNITED STATES OF AMERICA      *
                              *
    v.                        *    CR 110-171
                              *
GARY HUGH HAMMOND             *
                              *

# O R D E R

Presently pending before the Court is Defendant's Motion to Modify Sentence. (Doc. 63.) On July 30, 2015, Defendant was sentenced to twelve months imprisonment for violations of his supervised release. Defendant's counsel represents that Defendant does not wish to appeal his sentence. However, Defendant files the present motion seeking to **add** one day to his twelve-month sentence so that he may qualify for credit under 18 U.S.C. § 3624(b)(1). The Government has responded by "committing [the decision] to the sound discretion of the Court." (Doc. 65.) For the reasons set forth below, this motion is **DENIED**.

"A district court may not modify a term of imprisonment once it has been imposed, except where expressly permitted by Federal Rule of Criminal Procedure 35 or by 18 U.S.C. § 3582, and a district court lacks 'inherent power' to resentence a defendant." United States v. Barsena-Brito, 374 F. App'x 951,

951 (11th Cir. 2010) (citing <u>United States v. Diaz-Clark</u>, 292 F.3d 1310, 1315 (11th Cir. 2002)). Therefore, this Court must analyze whether Rule 35 or 18 U.S.C. § 3582 are applicable to the facts of this case.

Under Rule 35(a), a district court may "correct a sentence that resulted from arithmetical, technical, or other clear error" within fourteen days after sentencing. FED. R. CRIM. P. 35(a). Although Defendant filed his motion within fourteen days of sentencing, he does not allege that the Court committed any error. Therefore, Rule 35(a) does not apply. Under Rule 35(b), the Government may move for a reduction of a defendant's sentence based on substantial assistance provided by the defendant. FED. R. CIV. P. 35(b). However, no such motion has been filed by the Government in this case.

The only additional authorization for a district court to modify a sentence is upon: (1) a motion by the Bureau of Prisons based on extraordinary circumstances or in cases involving an elderly prisoner; or (2) a retroactive amendment to the guidelines that lowers the sentencing range of the defendant. 18 U.S.C. § 3582(c). However, these requirements are not satisfied in the present action. The Bureau of Prisons has not moved to modify Defendant's imprisonment based on extraordinary circumstances or advanced age. Moreover, Defendant has not identified any applicable change in the sentencing guidelines

2

that would require modifying his sentence — indeed, he seeks to increase his sentence, not reduce it. As such, the Court does not have the power under 18 U.S.C. § 3582(c) to review Defendant's sentence. Upon the foregoing, Defendant's motion to modify his sentence (doc. 63) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia this 18th day of August, 2015.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA